# United States Court of Appeals for the Federal Circuit

2009-7002

HELEN BARELA,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.


Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Christa A. Childers, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2009-7002

HELEN BARELA,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0336, Chief Judge William P. Greene, Jr.

_____

DECIDED:  November 3, 2009

_____

Before MICHEL, Chief Judge, NEWMAN and PROST, Circuit Judges.

PROST, Circuit Judge.

This case presents an issue of statutory interpretation concerning a surviving spouse's alleged entitlement to dependency and indemnity compensation from the Department of Veterans' Affairs ("VA").  Because we agree with the Government's interpretation that the statutory provision in question does not provide a basis for entitlement to benefits, we affirm the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").

## BACKGROUND

Mrs. Barela is the surviving spouse of veteran Jose L. Barela.  At the time of Mr. Barela's death in January of 2000, he was receiving compensation from the VA for service-connected post-traumatic stress disorder and shell fragment wound residuals at

a combined disability rate of 100%. He had been rated 100% disabled since May of 1991, totaling a little over eight years of total disability. Mr. and Mrs. Barela had been married for over twenty years.

Mrs. Barela initially filed a claim in the VA Regional Office for dependency and indemnity compensation ("DIC") benefits under 38 U.S.C. § 1310, asserting that the cause of her husband's death was service connected.

Section 1310 provides, in relevant part:

> 1310. Deaths entitling survivors to dependency and indemnity compensation
>
> (a) When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Secretary shall pay dependency and indemnity compensation to such veteran's surviving spouse, children, and parents. . . .

38 U.S.C. § 1310. In February of 2003, the Regional Office determined that Mr. Barela's death was not service-connected. Mrs. Barela was thus not eligible for DIC under § 1310.

The Regional Office also considered Mrs. Barela's DIC eligibility under 38 U.S.C. § 1318. Section 1318 provides DIC benefits to survivors of certain veterans whose deaths were not service-connected. The section provides, in relevant part:

> 1318. Benefits for survivors of certain veterans rated totally disabled at time of death
>
> (a) The Secretary shall pay benefits under this chapter [38 U.S.C. §§ 1301 et seq.] to the surviving spouse and to the children of a deceased veteran described in subsection (b) of this section in the same manner as if the veteran's death were service connected.
>
> (b) A deceased veteran referred to in subsection (a) of this section is a veteran who dies, not as the result of the veteran's own willful misconduct, and who was in receipt of or entitled to receive (or but for the receipt of

retired or retirement pay was entitled to receive) compensation at the time of death for a service-connected disability rated totally disabling if—

> (1) the disability was continuously rated totally disabling for a period of <u>10 or more years</u> immediately preceding death; . . . .

(c) Benefits may not be paid under this chapter by reason of this section to a surviving spouse of a veteran unless—

> (1) the surviving spouse was married to the veteran for one year or more immediately preceding the veteran's death; . . . .

38 U.S.C. § 1318 (emphasis added).

Because Mr. Barela was totally disabled for less than ten years prior to his death, Mrs. Barela is not eligible for DIC benefits under § 1318. The Regional Office rejected her claim.

In May of 2003, Mrs. Barela filed a notice of disagreement with the Regional Office's decision, asserting that the Regional Office should have adjudicated her claim according to 38 U.S.C. § 1311, rather than § 1310 or § 1318.

Section 1311 provides, in relevant part:

1311. Dependency and indemnity compensation to a surviving spouse

(a) (1) Dependency and indemnity compensation shall be paid to a surviving spouse at the monthly rate of $935.

(2) The rate under paragraph (1) shall be increased by $202 in the case of the death of a veteran who at the time of death was in receipt of or was entitled to receive (or but for the receipt of retired pay or retirement pay was entitled to receive) compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death. In determining the period of a veteran's disability for purposes of the preceding sentence, only periods in which the veteran was married to the surviving spouse shall be considered.

38 U.S.C § 1311 (1999).[1]   Mrs. Barela argued that her husband was rated totally disabled for a continuous period of over eight years immediately preceding his death, during all of which time he was married to Mrs. Barela.  Mrs. Barela asserted that by meeting the requirements set forth in § 1311(a)(2), she had established entitlement to DIC at an enhanced rate.

The Regional Office rejected Mrs. Barela's argument, concluding that § 1311 provides only the dollar amount of benefits paid, and does not establish a basis for determining entitlement to DIC.  The Regional Office explained that a spouse must first qualify for DIC under the eligibility requirements of either § 1310 or § 1318, before determining the rate at which DIC should be paid under § 1311.

Mrs. Barela appealed to the Board of Veterans' Appeals ("Board"), disputing the determination that her husband's death was not service-connected, and alternatively arguing that the Regional Office misinterpreted § 1311.  The Board denied Mrs. Barela's claim for service connection.  The Board also rejected Mrs. Barela's argument regarding § 1311, noting that § 1311(a)(2) provides the rate of compensation for enhanced DIC benefits, rather than a basis for DIC eligibility.

Mrs. Barela appealed to the Veterans Court, arguing that the Board had misinterpreted § 1311(a)(2).  In June of 2008, the Veterans Court affirmed the decision of the Board.  The Veterans Court stated that the text and structure of the statute indicate that § 1311(a)(2) is an additional benefit for those who have already qualified for DIC benefits under either § 1310 or § 1318.  The court further explained that

---

[1]     Dollar amounts are as of the time of Mr. Barela's death.

§§ 1310 and 1318 provide the criteria for obtaining DIC benefits, and § 1311 provides the actual amount of those benefits.

Mrs. Barela timely appealed to this court in September of 2008, asserting that the Veterans Court misinterpreted § 1311(a)(2). This court has jurisdiction pursuant to 38 U.S.C § 7292(d) because the sole issue in this appeal is the interpretation of a statute governing veterans' benefits.

DISCUSSION

This court may decide all relevant questions of law in an appeal from a decision by the Veterans Court. 38 U.S.C. § 7292(d)(1). This court may set aside decisions of the Veterans Court that rely on an interpretation of statute which this court finds to be erroneous. Id. This court reviews the statutory interpretations of the Veterans Court without deference. Boggs v. Peake, 520 F.3d 1330, 1333 (Fed. Cir. 2008).

The question presented on appeal is whether 38 U.S.C. § 1311(a)(2) provides an independent basis for DIC eligibility, or if instead a surviving spouse must first qualify for DIC benefits under another statutory provision (e.g., 38 U.S.C. § 1310 or § 1318) before being considered for the enhanced rate of compensation.

Statutory interpretation starts with the plain language of the statute. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989). When interpreting a statute, however, courts must consider not only the bare meaning of each word but also the placement and purpose of the language within the statutory scheme. Bailey v. United States, 516 U.S. 137, 145 (1995). The meaning of statutory language, plain or not, thus depends on context. Brown v. Gardner, 513 U.S. 115, 118 (1994).

Mrs. Barela argues that the plain language of § 1311(a)(2) requires that the veteran be continuously totally disabled for more than eight years prior to death, and that the surviving spouse have been married to the veteran for that same period of at least eight years. Mr. Barela was totally disabled for more than eight years prior to his death, and Mr. and Mrs. Barela were married for more than eight years prior to Mr. Barela's death. Mrs. Barela argues that she satisfies the requirements stated in § 1311(a)(2) and should therefore qualify for the increased rate in compensation. She argues that § 1311 does not state whether a surviving spouse must first qualify for DIC under another statute and that it does not reference § 1310 or § 1318.

The Government responds that the plain language of § 1311(a)(1) sets the rate at which DIC must be paid. Section 1311(a)(1) does not set forth any eligibility requirements, but rather only specifies a rate of compensation. The Government argues that the eligibility requirements absent from paragraph (a)(1) are properly found in § 1310 or § 1318. The plain language of § 1311(a)(2), according to the Government, identifies the paragraph as an increase of the rate specified in paragraph (a)(1). Paragraph (a)(2) then sets forth the requirements to qualify for that increase.

Mrs. Barela also contends that interpreting § 1311(a)(2) to require that she first qualify under § 1318 leads to an absurd result. The absurd result alleged is that the eight year total disability requirement of § 1311(a)(2) would be rendered superfluous by the prerequisite ten year disability requirement of § 1318. She also argues that the interpretation of the Veterans Court has the effect of excluding from any compensation surviving spouses that have been married eight years to a veteran disabled for nine years, while providing enhanced compensation for surviving spouses that have been

married for eight years to a veteran disabled for ten years. Mrs. Barela argues that it is not only arbitrary to exclude this category of surviving spouses, but also absurd to exclude spouses married to a totally disabled veteran for eight years while compensating spouses married to a totally disabled veteran for one year (as under § 1318, where the veteran has been totally disabled for ten years).

The Government responds that there is no absurd result or arbitrary exclusion under its interpretation of the statute. It explains that § 1311 provides a base rate and increased rate of compensation for qualifying spouses under either § 1310 or § 1318. The Government concedes that the eight year disability requirement will necessarily be satisfied for all spouses qualified under § 1318, because § 1318 includes a ten year disability requirement. The Government argues that the ten year requirement of § 1318 does not render the eight year requirement of § 1311 superfluous, however, because § 1310 has no disability time requirement. The eight year requirement thus affects surviving spouses that qualify for DIC under § 1310. Such surviving spouses must therefore be married for at least eight years to a veteran who was disabled for at least that same eight years preceding his death in order to qualify for the enhanced rate of compensation.

The Government also points out that there is no arbitrary exclusion of spouses under its interpretation of the statutory scheme. That some spouses will not qualify for DIC and others will is the inevitable result of line drawing in determining eligibility for benefits. During oral argument, the Government proffered possible policy reasons for drawing the lines as Congress drew them. For instance, a veteran that has been totally disabled for over ten years may be expected to have exhausted his savings. Congress

may have wanted to provide for the spouse that marries into such poverty, even where the veteran only survives one year of marriage. Congress may also have wanted to increase the compensation where the spouse was married to the disabled veteran for an extended period of time, to reflect the spouse's years of care-giving and support.

It is not the prerogative of this court to second-guess the policy determinations of Congress. It is the job of Congress and not this court to draw lines in determining the qualifications for receiving government benefits. The fact that sound reasons can be proffered for drawing the lines as Congress drew them merely supports the Government's position that its interpretation of the statute is not, as Mrs. Barela argues, self-defeating or absurd. The requirements of §§ 1310, 1311, and 1318 do not conflict under the Government's interpretation, and the Government's interpretation does not render the requirements of § 1311 superfluous.

Although the plain language of § 1311(a)(2), in a vacuum, can be interpreted to provide a free-standing basis for DIC eligibility, such is not the entirety of a proper statutory interpretation inquiry. See Bailey, 516 U.S. at 145; Gardner, 513 U.S. at 118. The context of § 1311 and the placement of § 1311(a)(2) within the scheme of §§ 1300 et seq. reveal that § 1311(a)(2) is an add-on provision that merely increases the rate of compensation once eligibility is established under another provision of the statute.

Examination of the DIC statutory scheme makes clear that §§ 1310 and 1318 set forth two alternative sets of requirements for a spouse to qualify for DIC eligibility. Section 1311(a)(1) sets forth the rate of compensation for a spouse qualified under § 1310 or § 1318. Section 1311(a)(2) increases the rate set forth in paragraph (a)(1)

and sets forth the requirements to qualify for that increase. Section 1311(a)(2) does not provide a stand-alone or independent basis for entitlement to DIC benefits.

We conclude, therefore, that the Government's interpretation of § 1311(a)(2) is correct, and that it does not provide Mrs. Barela an independent basis for DIC eligibility. Accordingly, we affirm the decision of the Veterans Court denying Mrs. Barela's claim for DIC benefits.

## COSTS

Each party shall bear his own costs.

## AFFIRMED