# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-2272

FREDERICK C. GAZELLE, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 28, 2015                                    Decided February 2, 2016)

*Kenneth M. Carpenter*, of Topeka, Kansas, argued for the appellant.

*Debra L. Bernal*, with whom *Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Assistant General Counsel; and *Joan E. Moriarty*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, SCHOELEN, and MOORMAN,[1] *Judges*.

SCHOELEN, *Judge*: The appellant, Frederick C. Gazelle, through counsel, appeals a March 18, 2014, Board of Veterans' Appeals (Board) decision in which the Board denied entitlement to special monthly compensation (SMC) under 38 U.S.C. § 1114(s)(1) (allowing for SMC when a claimant has a total disability rating plus an "additional service-connected disability or disabilities independently ratable at 60% or more"). Record of Proceedings (R.) at 3-7. This appeal is timely, and the Court has jurisdiction to review the Board's March 2014 decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). This matter was referred to a panel of the Court with oral argument to address whether the Board erred in applying the combined ratings table in 38 C.F.R. § 4.25 (2015) when determining whether Mr. Gazelle had service-connected "disabilities independently ratable at 60% or more."[2] 38 U.S.C. § 1114(s)(1). For the reasons discussed below, the Court holds that

---

[1] Judge Moorman is a senior Judge acting in recall status. 38 U.S.C. § 7257(b)(1).

[2] Oral argument was held on October 28, 2015, at the University of Illinois College of Law in Champaign, Illinois. The Court extends its appreciation to the law school for its hospitality.

consistent with the plain meaning of subsection 1114(s), the Board appropriately applied the combined ratings table to determine eligibility for SMC benefits, and the Court will affirm the Board's March 2014 decision.

## I. BACKGROUND

Mr. Gazelle served on active duty in the U.S. Army from March 1962 to March 1965.  R. at 489, 1506.  In December 2009, a decision review officer (DRO) increased the disability rating for Mr. Gazelle's service-connected post-traumatic stress disorder (PTSD) from 50% to 100%, effective July 9, 2007.  R. at 118-25.  When the decision issued, Mr. Gazelle was also receiving disability compensation for the following: Degenerative disc disease (DDD) and joint disease of the cervical spine rated at 20%; DDD and spondylosis of the thoracolumbar spine rated at 20%; left upper extremity radiculopathy rated at 10%; and left lower extremity radiculopathy rated at 10%.  R. at 124-25.  In February 2010, Mr. Gazelle filed a Notice of Disagreement (NOD) with the December 2009 decision, asserting that VA failed to award him SMC under the provisions of 38 U.S.C. § 1114(s)(1).  R. at 95-98.

A January 2011 Statement of the Case (SOC) denied entitlement to SMC under subsection 1114(s)(1) because, although Mr. Gazelle's PTSD was rated at 100%, he did not have "additional service-connected disabilities independently ratable at 60% or more."  R. at 90.  The SOC explained that when Mr. Gazelle's additional service-connected disabilities were combined under the combined ratings table in 38 C.F.R. § 4.25, those disabilities were rated only 50%.  *Id.*  In March 2011, Mr. Gazelle perfected his appeal to the Board.  R. at 72-76.

In the March 2014 decision on appeal, the Board denied SMC.  R. at 6-8.  The Board found that although Mr. Gazelle satisfied the requirement that he have a disability rated as total, his other service-connected disabilities, when combined using the combined ratings table, were only rated at 50%.  R. at 6.  Therefore, the Board concluded that because Mr. Gazelle did not have additional disabilities "independently ratable at 60% or more," SMC under subsection 1114(s)(1) was not warranted.  *Id.*  This appeal followed.

2

## II. THE PARTIES' ARGUMENTS

Mr. Gazelle argues that the plain meaning of subsection 1114(s) clearly directs that when considering eligibility for SMC, VA should arithmetically add his additional disabilities to determine whether they are "independently ratable at 60% or more." Appellant's Brief (Br.) at 3. Mr. Gazelle asserts that the Board erred in applying the combined ratings table in § 4.25 because it is used only when a veteran does not have one disability rated at 100%. *Id.* at 7. Here, Mr. Gazelle's PTSD is rated 100%; consequently, he maintains that the combined ratings table does not apply to his claim and that the plain meaning of "independently ratable" directs that his remaining disability ratings should be added together. Reply Br. at 5-7.

Alternatively, Mr. Gazelle asserts that if the Court finds the language of the statute ambiguous, VA's interpretation that the combined ratings table applies to subsection 1114(s) is not entitled to deference. *Id.* at 11. He argues that the Secretary's implementing regulation, 38 C.F.R. § 3.350(I), in no way requires the application of § 4.25, and the Secretary's reliance on the *Veterans Benefits Administration Adjudication Procedures Manual Rewrite* (M21-1MR) to support his position that VA "combines" disability ratings is unpersuasive because the M21-1MR is not subject to the formalities of notice-and-comment rulemaking. *Id.* at 9, 11. Mr. Gazelle emphasizes that the words "combine" or "combination" do not appear in subsection 1114(s)(1). *Id.* at 12. Finally, he argues that the Court should adopt his proposed method of arithmetically adding the disability ratings because it comports with the pro-veteran principles underlying veterans law. *Id.* at 14-15.

The Secretary argues that the plain meaning of the statute directs VA to apply § 4.25 because the only way multiple disabilities may be rated together for purposes of VA disability compensation is by using the combined ratings table. Secretary's Br. at 7-8. Alternatively, relying on 38 C.F.R. § 3.350, the M21-1MR, and the regulatory history of combined ratings, the Secretary maintains that VA's use of § 4.25 to combine additional disability ratings for purposes of subsection 1114(s) presents a reasonable interpretation of the statute and is entitled to deference. *Id.* at 8-10.

## III. ANALYSIS

This case calls upon the Court to interpret the statutory and regulatory provisions related to SMC eligibility under 38 U.S.C. § 1114(s). Questions of law are reviewed de novo. The Court must

first analyze the language of the authorizing statute and determine "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Nat. Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). If, employing the traditional tools of statutory construction, the Court finds that the "intent of Congress is clear, that is the end of the matter; for the [C]ourt, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. On the other hand, if the Court concludes that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843 (footnote omitted). When interpreting a statute, the Court bears in mind the well-established interpretative canon that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46:06 (6th ed. 2000); *see also Splane v. West*, 216 F.3d 1058, 1068-69 (Fed. Cir. 2000). Additionally, the Court is mindful that statutes must be considered as a whole and in the context of the surrounding statutory scheme. *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991); *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1564 (Fed. Cir. 1995) (holding that all parts of a statute must be construed together without according undue importance to a single or isolated portion).

A.  Relevant Statutory Provisions

In order to understand how subsection 1114(s) fits into the statutory scheme, the Court must start with three provisions of title 38 that relate to this case. First, 38 U.S.C. § 1155 authorizes the Secretary to "adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries." Second, section 1157, entitled "Combination of certain ratings," directs that "[t]he Secretary shall provide for the combination of ratings and pay compensation at the rates prescribed in subchapter II of this chapter." 38 U.S.C. § 1157. Finally, subsection 1114(s) is part of "Subchapter II: Wartime Disability Compensation," which sets the "[r]ates of wartime

4

disability compensation"[3] for specific rating percentages as well as the provisions affording additional compensation for more severe or extraordinary disability pictures, known as "Special Monthly Compensation."[4] Subsections 1114(a) through (j) establish the rates of compensation for disabilities rated from 10% to those rated as total. 38 U.S.C. § 1114(a)-(j). Subsections 1114(k) through (t) establish additional rates of compensation based on specific circumstances. 38 U.S.C. § 1114(k)-(t).

Thus, we begin with the text of subsection 1114(s)(1) and then consider the subsection in concert with the surrounding statutory and regulatory scheme, including statutory provisions that require the Secretary to account for the combination of injuries (38 U.S.C. § 1155) and to provide for the combination of ratings (38 U.S.C. § 1157).

### B. Text of 38 U.S.C. § 1114(s)(1)

The Court's analysis begins with the language of the specific provision at issue: 38 U.S.C. § 1114(s)(1). *See Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) ("'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and structure.'" (quoting *McEntee v. M.S.P.B.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005))). Subsection 1114(s) states that "[i]f the veteran has a service-connected disability rated as total, and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more . . . then the monthly compensation shall be $2,993."[5] 38 U.S.C. § 1114(s). Thus, there are two criteria a veteran must satisfy to qualify for this benefit: The first criterion requires that the veteran have a service-connected disability rated as total; multiple disabilities may not be combined to achieve a 100% rating. *Bradley v. Peake*, 22 Vet.App. 280, 290 (2008) (finding that "Congress did not intend that a 100% combined rating suffice[] for a 'service-connected disability rated as

---

[3] Although the title refers to wartime, section 1157 extends the compensation rates in subchapter II "to those veterans who served during a period of war and during any other time, who have suffered a disability in the line of duty in each period of service."

[4] Awards under subsections (k) through (t) are commonly referred to as "Special Monthly Compensation" even though the phrase is not actually in the statute. *See* 38 U.S.C. § 1114.

[5] When subsection 1114(s) was originally passed in 1960, the rate was $265. Pub. L. No. 86-663 (July 14, 1960).

total'"). The second criterion requires that the veteran have "additional service-connected disability or disabilities independently ratable at 60 percent or more."  38 U.S.C. § 1114(s)(1).

Mr. Gazelle argues that the plain language of the phrase "additional disability or disabilities independently ratable at 60% or more" directs that his additional disability ratings be added together and not combined using the combined ratings table in 38 C.F.R. § 4.25.  Appellant's Reply Br. at 4. Specifically, he appears to argue that the subsection's requirement for a total disability, its use of the term "independently," and the authorization to use multiple disabilities to satisfy the subsection's 60%-or-more requirement support his argument.

*1. A "Disability Rated As Total"*

Mr. Gazelle argues that the Board should not have applied the combined ratings table because a distinction in the monetary awards in subsections 1114(a) through (j) and 1114(k) through (t) – the SMC subsections – implicitly bars its application.  Specifically, he asserts that because subsections (k) through (t) prescribe monetary awards greater than the monetary award prescribed for a disability rated as total in subsection (j), these subsections implicitly require that a veteran have a disability rated as total. Oral Argument (Arg.) at 10:26.  He maintains that the combined ratings table is exclusively applied when a veteran does not have a disability already rated as total.  Appellant's Br. at 6-7.  Therefore, Mr. Gazelle concludes that by making a disability rated as total a prerequisite for SMC generally, and subsection 1114(s) benefits in particular, Congress implicitly precluded the application of the combined ratings table to these subsections.  Oral Arg. at 17:47.

Mr. Gazelle's attempt to find implicit congressional intent to exclude the application of the combined table to the SMC provisions based on the monetary awards lacks statutory support.  First, an implicit blanket requirement for a disability rated as total would render the explicit requirement in subsection 1114(s) superfluous. *See Splane*, *supra*.  Second, it is clear that the SMC provisions – other than those in subsection 1114(s) – do not impose such a  requirement and, in fact, often expressly refer to disabilities that will not necessarily be rated as total.[6]  There is nothing implicit or explicit in section 1114 that requires § 4.25 be applied to some subsections and not others.

---

[6] For example, subsection 1114(k) provides disability compensation for anatomical loss of or loss of use of one foot or one hand even though the schedular ratings for these disabilities may be as low as 40% and 60% respectively. *See* 38 C.F.R. § 4.71(a), Diagnostic Codes (DC) 5125 ("Hand, loss of use of"), 5167 ("Foot, loss of use of") (2015).

Therefore, the Court declines to infer from the monetary awards any congressional intent to premise SMC eligibility for subsections (k) through (t) on a veteran having a disability rated as total and thereby limit application of § 4.25 to only subsections 1114(a) through (j). *See Bradley*, 22 Vet.App. at 280 ("Where Congress introduces language in one section yet omits it in another, the disparate inclusion or exclusion is deemed intentional." (quoting *Norfolk Dredging Co., Inc. v. United States*, 58 Fed. Cl. 167, 176 (2003)).

### 2. "Disabilities Independently Ratable at 60% or More"

The parties do not dispute that Congress created two criteria in subsection 1114(s) and intended for the disability rated as total satisfying the first criterion to be independent – separate and distinct – from those satisfying the second criterion. *See Bradley*, 22 Vet.App. at 290 (noting that subsection 1114(s) provides two distinct criteria). Indeed, in briefing and at oral argument, Mr. Gazelle agreed that the word "independently"delineates the two requirements. Appellant's Reply Br. at 5 ("The additional independently rated disabilities have no relationship to the veteran's totally rated service[-]connected disability total."); *id.* at 7 ("An independently ratable single disability at 60 percent is a disability which is rated independently of the disability which the VA has rated totally disabling."). Thus, once a claimant shows "a disability rated as total," the first requirement is satisfied, and that disability is taken out of consideration for the second requirement. At that point, the focus is solely whether the veteran has "additional service-connected disability or disabilities independently ratable at 60% or more." 38 U.S.C. § 1114(s)(1).

Focusing on the word "independently," Mr. Gazelle argues that the statute does not support combining ratings because not only are the additional disabilities independent from the first criteria, but they are also independent of one another. Appellant's Reply Br. at 8-9. Indeed, he asserts that as each disability was independently rated based on the rating schedule, "there is no other math function other than to determine whether the number 60 has been reached." Oral Arg. at 22:50. He maintains that the disability ratings should be added. *Id.* However, if, as he suggests, each additional disability is to be considered independently, then the additional disabilities may not be pooled at all. Rather, VA would look at each independent disability rating and award SMC under subsection 1114(s) where at least one disability is rated at 60% or more. But, the text of the statute does not support this interpretation. The first criterion requires a single disability "rated" as total (or

7

a disability rating based on individual unemployability based upon a single disability). Combined ratings of 100% will not suffice. *Bradley*, *supra*. By contrast, in the second criteria, Congress allows for "additional service-connected disability or *disabilities* independently ratable at 60% or more." 38 U.S.C. § 1114(s) (emphasis added). By including both the singular and plural for disabilities, Congress clearly intended to allow a veteran to pool multiple disabilities to satisfy the second criterion; any other reading would render "disabilities" superfluous. Thus, the additional disabilities are not considered independently from one another.

Moreover, Mr. Gazelle confuses "independently rated" with "independently ratable." Appellant's Reply Br. at 8-9; Oral Arg. at 22:53. "Rated" and "ratable" are not interchangeable and the distinction here is significant. Unlike the first criterion, which requires a disability "rated" as total, the second criterion requires only that the additional disabilities be "ratable" at 60% or more. Congress recognized that although a veteran with a disability rated as total may not receive a *schedular* rating greater than 100% for any additional disabilities, if his additional disabilities are sufficiently severe, he may receive SMC. Accordingly, Congress did not require that the additional disabilities be actually *rated* at 60% or more; it required only that the disabilities be *ratable* – or capable of being rated – at 60% or more.[7] Reading the word "independently" in context, rather than in isolation, the Court finds that it has one function: The word "independently" essentially walls off the disability rated as total from the remaining disabilities. When considering subsection 1114(s)(1), the question is whether, irrespective of the disability rated as total, these remaining disabilities are capable of being rated at 60% or more. Consequently, the Court must consider how multiple disabilities are capable of being rated together in the VA system, and in particular, what method VA used to rate multiple disabilities when Congress enacted subsection 1114(s). For the reasons discussed below, the Court finds that the combined ratings table is the only method VA employs to rate multiple disabilities together currently, and it was also the method employed when subsection 1114(s) was enacted.

---

[7] Mr. Gazelle's argument that his 100% disability rating precludes the application of § 4.25 and his attendant reliance on *Roper v. Nicholson*, 20 Vet.App. 173 (2006) misses the mark. As noted above, the disability rated as total is not pertinent to the second criteria.

C. Combined Ratings

The Secretary contends that Congress intended VA to apply the combined ratings table because it is the only method VA employs to rate multiple disabilities together for compensation purposes. Oral Arg. at 30:38. Indeed, Mr. Gazelle conceded at oral argument that there are no other circumstances in the VA benefits system where multiple disabilities are rated together through arithmetic addition. Oral Arg. at 19:00. Nevertheless, he argues that Congress intended to deviate from the combined ratings system and, for purposes of section 1114(s) eligibility, arithmetically add together the additional disability ratings. Before considering the parties' arguments, the Court will summarize the statutory and regulatory development of VA's method of combining ratings using § 4.25 and providing SMC benefits.

*1. Regulatory Backdrop*

When Congress enacted subsection 1114(s), the regulatory scheme addressing combined ratings had been in place since at least 1945.[8] 29 Fed. Reg. 6718-01 (May 22, 1964) (publishing "the Schedule for Rating Disabilities, commonly referred to as the 1945 rating schedule, which became effective April 1, 1946"). Unchanged since 1945, the "Combined Ratings" regulation, 38 C.F.R. § 3.323, directs that "[w]hen there are two or more service-connected compensable disabilities *a combined evaluation will be made* following the tables and rules prescribed in the 1945 Schedule for Ratings Disabilities." *Id.*; 38 C.F.R. § 3.323(a)(1) (2015) (emphasis added). The combined ratings table in § 4.25 is one such table. 29 Fed. Reg. 6718-01.

In creating this table, VA recognized that arithmetically adding disability ratings may result in a rating greater than 100%, which is impermissible. Instead, the table is designed to capture "the *efficiency* of the individual as affected first by the most disabling condition, then by the less disabling condition, then by other less disabling conditions, if any, in the order of severity." 38 C.F.R. § 4.25 (emphasis added). Each disability receives its own rating, and then the multiple ratings are combined using the formula in the table.[9] The combined rating then dictates the appropriate monthly

---

[8] At oral argument, the Secretary asserted that the regulatory provisions have been in place since 1921. Oral Arg. at 33:04.

[9] As the Secretary explained at oral argument, VA devised the combined ratings table because treating the impairment in earning capacity from service-connected disabilities as cumulative would not accurately represent a veteran's actual disability level. Section 4.25 affords a reasonable balance between VA obligations to maximize benefits

compensation award as provided in section 1114. Section 4.25(b) establishes that all disabling conditions are to be rated using this formula. 38 C.F.R. § 4.25(b) ("Except as otherwise provided in this schedule, the disabilities arising from a single disease entity, e.g., arthritis, multiple sclerosis, cerebrovascular accident, etc., are to be rated separately as are all other disabling conditions, if any. All disabilities are then to be combined as described in paragraph (a) of this section."). Reading § 3.323 and § 4.25 together, it is clear that when a veteran has multiple disabilities, VA's standard means of rating those disabilities for disability compensation purposes is to apply the combined ratings table. This is the method VA uses today, and, importantly, it was the method in place in 1958 when Congress consolidated the veterans benefits law in title 38. Pub. L. No. 85-857, 72 Stat. 1105 (Sept. 2, 1958).

### 2. Statutory Backdrop

As explained above, when interpreting a statute, the Court looks at the context and provisions of law as a whole. *See King*, 502 U.S. at 221. In 1958, Congress unified the statutory provisions affecting VA in title 38. The provisions enacted in 1958 included not only section 1114 but also section 1155 and section 1157. As noted above, section 1155 authorizes the Secretary to create the rating schedule to address disabilities arising from "specific injuries or *combination* of injuries." 38 U.S.C. § 1155 (emphasis added). Section 1157 directs that "[t]he Secretary shall provide for the *combination* of ratings and pay compensation at the rates prescribed in subchapter II of this chapter." 38 U.S.C. § 1157 (emphasis added). By the time these provisions were enacted in 1958, VA had been combining multiple disability ratings using the combined ratings table for more than a decade.

Construing the statutory and regulatory scheme consistently, the word "combination," particularly in section 1157, refers to VA's method of combining ratings using § 4.25. *See King*, 502 U.S. at 221 ("The meaning of statutory language, plain or not, depends on context."). Therefore, the 1958 statutes did not alter VA's standard method of rating multiple disabilities by combining them. Instead, section 1157 affirmed the use of § 3.323 and § 4.25 throughout subchapter II to combine ratings. Two years later, against this statutory backdrop, Congress enacted the provision at issue in this case: subsection 1114(s).

---

and to assign ratings based on the average impairment in earning capacity. *Compare Bradley*, 22 Vet.App. at 294, *with* 38 C.F.R. § 3.321(a) (2015).

D. Subsection 1114(s) In Context

Considering subsection 1114(s) within this statutory and regulatory context, the purpose, placement, and language of subsection 1114(s) evidence congressional intent that subsection 1114(s) should be applied consistently with the existing disability compensation rating scheme, including the provisions related to the combined ratings table. *See Holloway v. United States*, 526 U.S. 1, 6 (1999) (noting that interpreting a statute requires consideration not only of bare meaning of the critical word or phrase "but also its placement and purpose in the statutory scheme") (citing *Bailey v. United States*, 516 U.S. 137, 145 (1995)). In 1960, Congress identified the need for an intermediate rate of compensation for veterans whose disabilities prevented them from working but did not entitle them to Aid and Attendance. S. Rep. 86-1745 (1960).[10] Seeking to fill this gap in the compensation rates, Congress enacted subsection 1114(s). In the act's stated purpose, Congress invoked the disability compensation system: "To provide additional disability compensation for certain seriously disabled veterans." Pub. L. No. 86-663 (July 14, 1960). As discussed above, section 1157 directs that combined ratings apply to the rates set forth in subchapter II, which sets the rates of disability compensation. 38 U.S.C. § 1157. Congress placed this new provision in subchapter II, section 1114. At oral argument, Mr. Gazelle failed to identify anything in the language of section 1157 indicating that Congress did not intend section 1157 to apply to the SMC subsections generally, or subsection 1114(s) in particular. Oral Arg. at 14:30, 1:02:42. The Court finds that there is no rational argument grounded in the language of section 1157 supporting a finding that Congress did not intend section 1157 to apply to the whole of section 1114.

Nevertheless, Mr. Gazelle maintains that congressional intent to limit the application of § 4.25 to subsections (a) through (j) is implicit in the language of section 1114. *Id.* The Court has already rejected his contention that the monetary awards in subsections (k) through (t) and a total rating requirement in some of those subsections indicate implicit congressional intent to prohibit the

---

[10] The existing system had "no intermediate rate . . . for the veteran who is totally disabled . . . and whose activities are greatly restricted, but who is not permanently bedridden or so helpless as to be in need of regular aid and attendance." S. Rep. 86-1745 (1960). In particular, Congress acknowledged that although some veterans rated totally disabled were able to "supplement their disability benefits through income from work, others . . . having the same total rating are by the nature of their particular condition 'so permanently housebound' that they are unable to earn any outside income[,] and yet[,] they are not able to qualify for one of the higher statutory awards." *Id.*

11

application of § 4.25. To the extent that Mr. Gazelle still attempts to distinguish subsections (a) through (j) from subsections (k) through (t), this distinction is without difference. The entirety of section 1114 provides monthly disability compensation for service-connected disabilities. The text does not distinguish between how multiple service-connected disabilities for a veteran are combined and assigned a rating in (a) through (j) on the one hand, and in (k) through (t) on the other hand.

Any further argument that Congress implicitly intended subsection 1114(s) to be an exception to the established system is unpersuasive in light of the clear congressional intent evidenced in the statute. As discussed above, the word "independently" delineates the disability rated as total and the additional disabilities used to satisfy the second criterion. Therefore, once the first predicate is satisfied using a disability rated as total, the remaining additional disabilities are evaluated as if the total rated disability did not exist. Subsection 1114(s)(1) allows for the possibility of multiple disability ratings being rated together at 60% or more. The only way multiple disabilities are ratable – or capable of being rated – in the VA system requires combining them using § 4.25. *See* 38 U.S.C. § 1157. At the time subsection 1114(s) was enacted, Congress was aware of section 1157 and VA's lone, longstanding method for rating multiple disabilities under the rating schedule: the combined ratings table. *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991) ("It is presumable that Congress legislates with knowledge of [the] basic rules of statutory construction."); *see also Bradley*, 22 Vet.App. at 291 (noting that "Congress is presumed to have enacted section 1114(s) with knowledge of [existing] ratings and in harmony with those ratings"). Yet in enacting this new provision, Congress predicated SMC eligibility on whether a veteran's remaining additional disabilities were capable of being rated at 60% or more without expressly providing an alternative method for rating multiple disabilities. Rather, the purpose, placement, and language of subsection 1114(s) all invoke the rating schedule and VA's established system of combining multiple disability ratings.

This finding is consistent with cases interpreting subsection 1114(s). Both this Court and the U.S. Court of Appeals for the Federal Circuit have construed the phrase "additional disability or disabilities independently ratable at 60% or more" to mean that the disabilities should be combined. *See Guerra v. Shinseki*, 642 F.3d 1046, 1048 (Fed. Cir. 2011) (finding that subsection 1114(s) provides additional monthly compensation to a veteran with a disability rated as total "if the veteran

. . . has another independently rated disability or *combination* of disabilities rated at 60%"); *Bradley*, 22 Vet.App. at 290 (noting that the phrase "'disability or disabilities independently' rated at 60% . . . demonstrates congressional understanding that multiple disabilities can be *combined* into a single rating, as well as congressional authorization for combined ratings to satisfy the second requirement . . .").[11] Interpreting the words "combination" and "combined" consistently with statutes and VA regulations, these decisions support applying the combined ratings table to subsection 1114(s).

Based on the foregoing, the Court must disagree with Mr. Gazelle's contention that nothing in section 1114(s) requires the application of § 4.25. The Court finds no support in the text of the statute for his arguments. Instead, when considered in the context of the statutory and regulatory scheme in existence at the time Congress enacted section 1114(s), the plain meaning of subsection 1114(s) clearly requires VA's application of the combined ratings table. *See John Hancock Mut. Life Ins. Co. v. Harris Trust and Sav. Bank*, 510 U.S. 86, 94-95 (1993) (statutory language should be interpreted consonant with "the provisions of the whole law, and . . . its object and policy" (internal quotation marks omitted)). Although the Court recognizes Mr. Gazelle's serious disabilities, it is compelled to find that the Board properly applied the combined ratings table in § 4.25 in evaluating Mr. Gazelle's eligibility for SMC under section 1114(s). *Accord Disabled Am. Veterans*, 234 F.3d 682, 692 (Fed. Cir. 2000) (noting that "a veteran cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular provision." (quoting *Boyer v. West*, 210 F.3d 1351, 1355 (Fed. Cir. 2000))).

## IV. CONCLUSION

Upon consideration of the foregoing, the March 2014 Board decision is AFFIRMED.

---

[11] The Court notes that in *Guerra*, the Federal Circuit observed that the language of subsection 1114(s) "is not entirely free from ambiguity." 642 F.3d at 1049. However, in *Guerra*, the Federal Circuit was interpreting the statutory language in subsection 1114(s) establishing the first criterion: "If the veteran has a service-connected disability rated as total." *Id.* Therefore, the Federal Circuit's finding that the first predicate in subsection 1114(s) is ambiguous does not contradict the Court's finding here that the second predicate in subsection 1114(s)(1) has a plain meaning derived from the text and structure of the statute and within the context of the statutory scheme.