NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ROBERT D. WATSON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2020-1380

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3688, Chief Judge Margaret C. Bartley.

———————————

Decided: June 12, 2020

———————————

ROBERT D. WATSON, Great Falls, FL, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Robert D. Watson appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board") denial of entitlement to an effective date earlier than March 8, 2011, for the award of service-connected disability benefits for amyotrophic lateral sclerosis ("ALS"). *Watson v. Wilkie*, No. 18-3688, 2019 WL 5607519, at *7 (Vet. App. Oct. 31, 2019); A. App. 1 (Judgment).[1]  Because we lack jurisdiction, we dismiss.

## DISCUSSION

### I. Legal Standard

Our "jurisdiction . . . to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017).  We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a "constitutional issue," however, we lack subject matter jurisdiction over "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki,* 618 F.3d 1333, 1336 (Fed. Cir. 2010) (quoting 38 U.S.C. § 7292(d)(2)).

———————————

[1]    "A. App." refers to Appellee Secretary of Veterans Affairs' Appendix attached to the response brief.

## II. We Lack Jurisdiction Over Mr. Watson's Appeal

Mr. Watson's appeal involves neither the interpretation of a statute or regulation, nor a constitutional issue; instead, Mr. Watson raises only issues of fact that we may not review. *See* Appellant's Br 2 (Mr. Watson indicating that his appeal does not "involve the validity or interpretation of a statute or regulation" or a "constitutional issue"). Specifically, Mr. Watson argues that he is entitled to an effective date of June 1, 2001, for his service connected ALS, because "[a]ll the medical evidence support[s] [the] fact" that, while the U.S. Department of Veterans Affairs ("VA") initially granted him a service connection for a hiatal hernia with difficulty swallowing and benign tremors, effective June 1, 2001, those disabilities were, "in reality[,] . . . the onset of ALS[.]" *Id.* at 5.

Mr. Watson served in the U.S. Air Force from May 1977 through May 2001. A. App. 163. "In December 2000, prior to his discharge from service, he filed claims for service connection for, inter alia, benign tremors and hiatal hernia with difficulty swallowing." *Watson*, 2019 WL 5607519, at *1; *see* A. App. 163 (December 2000 Claim). In August 2001, following a VA medical examination, Mr. Watson was "granted service connection for [the] hiatal hernia, including problems swallowing, evaluated at 10 [percent], and service connection for benign tremors, evaluated as noncompensable" with an effective date of June 1, 2001. *Watson*, 2019 WL 5607519, at *1–2; *see* A. App. 147–61 (August 2001 Rating Decision). Mr. Watson did not appeal this decision and it became final. *See Watson*, 2019 WL 5607519, at *2; *In re Watson*, No. 12-31 769, slip op. at 11 (Bd. Vet. App. Mar. 14, 2018).

"In March 2012, Mr. Watson filed a claim for service connection for ALS." *Watson*, 2019 WL 5607519, at *2; A. App. 146 (March 2012 Claim). The VA granted service connection based on 38 C.F.R. § 3.318, with a 100 percent evaluation and an effective date of March 8, 2012. *See*

*Watson*, 2019 WL 5607519, at \*2; A. App. 143–45 (April 2012 Rating Decision); *see also* 38 C.F.R. § 3.318 (2009) (creating a "[p]resumptive service connection for [ALS]" provided that the disease "manifested at any time after discharge or release" from, in relevant part, "active, continuous service of [ninety] days or more[,]" effective September 23, 2008). Following appeal to the Veteran's Court and remand to the Board, the Board assigned an effective date of March 8, 2011, explaining that "the earliest effective date that could be assigned" was March 8, 2011, one year prior to the date of receipt of Mr. Watson's claim. *In re Watson*, No. 12-31 769, slip op. at 9; *see id.* at 8 (explaining that where a "claim is reviewed at the request of a claimant more than one year after the effective date of the law or VA issue, benefits may be authorized for a period of one year prior to the date of receipt of such request" (citing 38 U.S.C. § 5110(g); 38 C.F.R. § 3.114(a))); *see* 38 U.S.C. § 5110(g) (providing that, when a benefit is awarded based on, inter alia, an "administrative issue," "[i]n no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier"); 38 C.F.R. § 3.114(a) (similar). The Veteran's Court affirmed, explaining that the Board's assignment of a March 8, 2011, effective date "was consistent with governing law, plausible in light of the record, and sufficiently detailed to inform Mr. Watson of the reasons for its determination[.]" *Watson*, 2019 WL 5607519, at \*7. The Veteran's Court further explained that, contrary to Mr. Watson's newly-raised argument on appeal, "Mr. Watson's December 2000 [C]laim for service connection did not include a claim for service connection for ALS" that could serve as a basis for an earlier claim. *Id.* at \*6.

To the extent Mr. Watson seeks review of the Board's determination of the effective date for his service-connected ALS, *see* Appellant's Br. 4 (arguing that "the VA assessment" of his ALS "is not factual" and "inaccurate,

weak, and inadequate justification for denial" of an earlier effective date), 5 (arguing that the VA's consideration of "different variations of ALS" and their effects are an "irrational and weak justification for denial"), he raises an issue of law as applied to fact that we may not review, *see* 38 U.S.C. § 7292(d)(2)(B); *Ferguson v. Principi*, 273 F.3d 1072, 1075 (Fed. Cir. 2001) (providing that "the mere application of a statute or regulation to the facts of a case," without "interpretation" of that statute or regulation, does not bring a case within our jurisdiction).   To the extent Mr. Watson seeks review of the Veteran Court's interpretation of his December 2000 Claim, specifically, as to whether it included ALS, *see* Appellant's Br. 4–5 (arguing that it "would be inconceivable" that he would have known to "contend[] [his disability] was ALS" in August 2001), he challenges a factual determination that we similarly may not review, *see* 38 U.S.C. § 7292(d)(2)(A); *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) ("[T]he interpretation of the contents of a claim for benefits [i]s a factual issue over which we d[o] not have jurisdiction[.]" (citation omitted)).   Accordingly, we lack jurisdiction over Mr. Watson's appeal.

## CONCLUSION

We do not have jurisdiction to review this appeal.  We have sympathy for Mr. Watson's suffering and understand that he believes he was misdiagnosed by VA doctors for many years, but we have no authority to rethink the factual conclusions reached below regarding those issues.  Accordingly, Mr. Watson's appeal from the U.S. Court of Appeals for Veterans Claims is

**DISMISSED**