NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD C. MARTINEZ,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2153

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2176, Judge Coral Wong Pietsch.

---

Decided: December 6, 2018

---

EDWARD C. MARTINEZ, Marana, AZ, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Edward C. Martinez appeals the decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the decision of the Board of Veterans' Appeals denying his claim that it was clear and unmistakable error ("CUE") to assign him a 30% disability rating, instead of a 60% rating, for his service-connected heart condition in a rating decision from March 1965. Because the Veterans Court did not commit legal error in its decision finding that the 1965 rating decision was not based on CUE, we *affirm*.

## BACKGROUND

Mr. Martinez served honorably in the U.S. Marine Corps from May 13, 1960 to April 8, 1964. During his service, he had two episodes of a sudden rapid heart rate, known as tachycardia. A Veterans Affairs ("VA") examination from January 1965 ("1965 VA Examination") states that he had experienced four such episodes in his life. The VA examiner determined these episodes were the result of "[c]omplete bundle branch block, cause undetermined." S.A. 47. On March 2, 1965, the VA regional office assigned him a 30% disability rating. Mr. Martinez did not appeal this decision, and it became final. On August 28, 2002, Mr. Martinez was hospitalized for his heart condition. The VA increased his disability rating to 60% effective August 28, 2002.

Mr. Martinez argued his 60% rating should apply retroactively to April 9, 1964, the effective date of his original disability rating, based on CUE. The VA regional office denied his CUE claim, and the Board agreed. The Veterans Court affirmed. Mr. Martinez appeals.

DISCUSSION

We have jurisdiction to review the Veterans Court's decision with respect to its validity on a rule of law or its interpretation of any statute or regulation that it relied on in making the decision. 38 U.S.C. § 7292(a). We review legal determinations of the Veterans Court de novo. *Willsey v. Peake*, 535 F.3d 1368, 1372 (Fed. Cir. 2008). We may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

To establish CUE, the following must be demonstrated:

> (1) "Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied"; (2) "The error must be undebatable and the sort which, had it not been made, would have manifestly changed the outcome at the time it was made"; and (3) "A determination that there was CUE must be based on the record and the law that existed at the time of the prior adjudication in question."

*Cousin v. Wilkie*, 905 F.3d 1316, 1319 (Fed. Cir. 2018) (quoting *Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012)).

Mr. Martinez argues that based on events that occurred after 1965, we should hold that the 1965 rating decision contains CUE. To the extent that Mr. Martinez is arguing that the decision as a legal matter should be revisited based on subsequent events, we disagree. A CUE claim "must be based on the record and the law that existed at the time of the prior adjudication in question." *Cousin*, 905 F.3d at 1319. As a result, we cannot look to subsequent events as the basis for CUE.

Mr. Martinez also argues the 1965 rating decision did not properly implement the diagnostic codes. He argues that had the decision considered the correct number of episodes of tachycardia noted in his medical history, he would have been entitled to a 60% disability rating. There is no allegation that medical records were missing. Mr. Martinez only takes issue with how the decision interpreted the facts and applied them to the diagnostic codes. We lack jurisdiction to decide whether a higher rating was warranted based on the facts in the medical record because, absent a constitutional issue, we cannot review questions of fact or the application of law to fact. 38 U.S.C. § 7292(d)(2).

CONCLUSION

We have reviewed Mr. Martinez's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.