NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MAY,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2019-2451

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4809, Senior Judge Mary J. Schoelen.

---

Decided: March 5, 2021

---

ROBERT J. MAY, Portland, OR, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant, Robert J. May, appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), affirming a decision of the Board of Veterans' Appeals ("Board") denying Mr. May's request for:  (1) entitlement to compensation benefits for right and left shoulder disabilities pursuant to 38 U.S.C. § 1151; (2) an earlier effective date for the grant of service connection for depression, secondary to herpes simplex virus 2 ("HSV-2"); (3) to revise an October 2004 rating decision regarding his disability rating assigned for sciatic nerve paralysis, bilateral knee disability, and a total disability rating based on individual unemployability ("TDIU") premised on clear and unmistakable error ("CUE"); and (4) to revise an April 2007 rating decision assigning a non-compensable rating for tinea versicolor.[1] *May v. Wilkie*, No. 17-4809, 2019 WL 3366794, at \*1 (Vet. App. July 26, 2019); *see* R.A. 19 (Judgment); *see also* R.A. 20–61 (Board Decision).[2] The Veterans Court also determined that it "lack[ed] jurisdiction to address [Mr. May]'s argument that the [S]ecretary lacks authority to issue a non[-]compensable rating." *May*, 2019 WL 3366794, at \*9. To the extent Mr. May appeals the denial of his entitlement benefits for right and left shoulder

––––––––––––

[1]    Tinea versicolor is "a skin condition characterized by patches of skin that vary in color, shape, and size." *Russell v. McDonald*, 586 F. App'x 589, 589 (Fed. Cir. 2014).

[2]    "R.A." refers to the appendix attached to Appellee, the Secretary of Veterans Affairs' ("the Secretary"), response brief; "A.A." refers to the appendix attached to Mr. May's opening brief.  The appendix attached to Mr. May's opening brief was unnumbered, accordingly, we cite to it in its numerical sequence. *See generally* A.A.

disabilities under 38 U.S.C. § 1151, we have jurisdiction pursuant to 38 U.S.C. § 7292(a), and affirm. To the extent Mr. May argues that the Veterans Court should have reached the merits of his other underlying claims, we dismiss for lack of jurisdiction.

## BACKGROUND[3]

Mr. May served on active duty in the U.S. Marine Corps from 1974 to 1986. R.A. 22. In July 2003, Mr. May filed a claim for disability compensation for HSV-2 disabilities, tinea versicolor disability, bilateral knees rating increase, and TDIU. A.A. 23–26; *see* A.A. 18–26 (2004 Notice of Disagreement). In October 2004, the U.S. Department of Veterans Affairs ("VA") denied Mr. May's claim for entitlement to compensation ("October 2004 Rating Decision"). A.A. 18.[4] Following the denial, Mr. May filed a notice of disagreement, stating that he felt "complete embarrassment" over his HSV-2 diagnosis. A.A. 21. In April 2007, the VA issued a statement of the case, and again, denied Mr. May's claim of HSV-2. R.A. 82. The VA also issued an April 2007 rating decision, granting Mr. May's July 2003 claim for tinea versicolor with a non-compensable disability rating. R.A. 52.

In September 2007, more than sixty days after the issuance of the April 2007 statement of the case, Mr. May appealed the Board's denial of his HSV-2 claim. A.A. 36. In November 2012, Mr. May filed a motion to revise the October 2004 Rating Decision, alleging that his HSV-2 caused depression. *May*, 2019 WL 3366794, at *3. In a

---

[3]    For ease of reference, unless otherwise noted, we cite to the uncontested facts as set forth in *May*, 2019 WL 3366794, at *1–7; *see generally* Appellant's Br.; Appellee's Br.

[4]    The October 2004 Rating Decision is not in the record. *See generally* A.A.; R.A.

June 2016 rating decision, the VA interpreted Mr. May's claim of depression as a claim for secondary service connection to his HSV-2 diagnosis and assigned a 30 percent disability rating, effective from November 5, 2012. R.A. 37. In July 2016, Mr. May appealed the November 5, 2012 effective date, arguing that his statement of "complete embarrassment" constituted an informal claim for entitlement to service connection for depression as secondary to HSV-2, however, the VA denied the appeal. A.A. 37–38; *see May*, 2019 WL 3366794, at *3.

In January 2009, Mr. May filed another claim with the VA, asserting "that his service-connected right shoulder injury worsened as a result of a December 2003 incident at [a VA Medical Center]." *May*, 2019 WL 3366794, at *1; *see* A.A. 32; *see also* A.A. 27–33 (2014 Notice of Disagreement). In January 2010, the VA denied Mr. May's claim for entitlement to compensation under 38 U.S.C. § 1151 for his aggravated right shoulder injury. *May*, 2019 WL 3366794, at *1. In November 2010, Mr. May filed a notice of disagreement, asserting that his right shoulder injury was aggravated as a result of a fight with VA police at the VA Medical Center, A.A. 32; *see May*, 2019 WL 3366794, at *1, thereafter, in June 2013, Mr. May filed a separate claim for his left shoulder, related to the December 2003 incident, which the VA denied in September 2013, A.A. 69; *see May*, 2019 WL 3366794, at *1.

In November 2017, the Board affirmed the following decisions by the VA. R.A. 25–26. First, the Board denied Mr. May's claim for shoulder injuries under 38 U.S.C. § 1151, concluding that "the evidence [did] not support a finding that the December . . . 2003 incident in question happened during the course of VA hospital care, VA medical or surgical treatment, or an examination furnished by [the] VA." R.A. 42. Second, concerning the earlier effective date for Mr. May's depression as secondary to his service-connected HSV-2, the Board determined that "no submission from [Mr. May] to [the] VA . . . [was] received

prior to November 5, 2012, that communicated an intent to file a claim for service connection for depression[.]" R.A. 38. Third, the Board found no CUE in the October 2004 Rating Decision on sciatic nerve paralysis, right and left knee chondromalacia, and TDIU. R.A. 43–51.[5] Fourth, the Board found no CUE in an April 2007 Rating Decision on Mr. May's tinea versicolor claim. R.A. 54.

In December 2017, Mr. May appealed the 2017 Board Decision to the Veterans Court. R.A. 17. In July 2019, the Veterans Court affirmed the Board's decision. *May*, 2019 WL 3366794, at *1. Specifically, the Veterans Court determined that the Board had not clearly erred by

---

[5] "A final decision of [the] VA . . . is subject to collateral attack by a claim of CUE." *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 686 (Fed. Cir. 2000), *overruled on other grounds by Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affs.*, 981 F.3d 1360, 1368–69 (Fed. Cir. 2020); *see* 38 C.F.R. § 3.105 ("Final decisions will be accepted by [the] VA as correct with respect to the evidentiary record and the law that existed at the time of the decision, in the absence of [CUE]."). The following must be demonstrated to establish CUE:

(1) Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) [t]he error must be undebatable and the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) [a] determination that there was CUE must be based on the record and the law that existed at the time of the prior adjudication in question.

*Cousin v. Wilkie*, 905 F.3d 1316, 1319 (Fed. Cir. 2018) (internal quotation marks and citation omitted).

determining that Mr. May was not entitled to disability compensation under 38 U.S.C. § 1151, as his "injuries were divorced" from his VA treatment. *May*, 2019 WL 3366794, at *3. Further, the Veterans Court found no clear error in the Board's conclusion that Mr. May's depression claim was separate from his HSV-2 claim. *Id.* at *4. The Veterans Court also determined that the Board did not err by not finding CUE in the October 2004 and April 2007 Rating Decisions. *Id.* at *6–9. Finally, the Veterans Court held that it lacked jurisdiction to address Mr. May's argument that the Secretary lacked authority to issue a non-compensable disability rating. *Id.* at *9.

## DISCUSSION

### I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "Except to the extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "We review statutory and regulatory interpretations of the Veterans Court de novo." *Gazelle*, 868 F.3d at 1009 (italics, internal quotation marks, and citation omitted).

While "[w]e review statutory and regulatory interpretations of the Veterans Court de novo," *Gazelle*, 868 F.3d at 1009 (citation omitted), "[w]e may set aside the Veterans Court's interpretation of a regulation only if it is unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary," *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014) (citing 38 U.S.C. § 7292(d)(1)); *see* 38

U.S.C. § 7292(d)(1) (providing that we "shall . . . set aside" any regulatory interpretation "relied upon in the decision of the [Veterans Court]" that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law"); *Sursely v. Peake*, 551 F.3d 1351, 1354 (Fed. Cir. 2009) (explaining that the "jurisdictional grant" of 38 U.S.C. § 7292(d) "distinguishes between statutory interpretation and regulatory interpretation," and that we review the Veterans Court's regulatory interpretations "only under [the] more deferential standard set out in [§ 7292(d)(1)]").

## II. The Veterans Court Properly Affirmed the Board's Decision to Deny Entitlement to Disability Benefits under 38 U.S.C. § 1151

The Veterans Court affirmed the Board's denial of Mr. May's request for disability benefits under 38 U.S.C. § 1151, as it found the Board's determination that Mr. May's "[shoulder] injuries were divorced from his treatment ha[d] a plausible basis in the record and comports with applicable law." *May*, 2019 WL 3366794, at *3. The Veterans Court determined that "[t]he Board properly recited the relevant law and applied it to the above facts." *Id.* Mr. May contends, however, that the Veterans Court erred by incorrectly adopting "the Secretary's narrow interpretation of § 1151." Appellant's Br. 8. That is, Mr. May argues, that the Veterans Court's determination "suggests that the Secretary incurs absolutely no § 1151 liability for tort injuries caused by VA medical facilities staff," and thus, the Veteran Court erred in its application of § 1151. *Id.* at 8–9. We disagree with Mr. May.

The Veterans Court properly affirmed the Board's decision to deny Mr. May entitlement to disability benefits under 38 U.S.C. § 1151. For a claimant to recover under

§ 1151, the claimant must satisfy three prerequisites for obtaining disability compensation: (1) the "claimant must incur a 'qualifying additional disability' that was not the result of his own 'willful misconduct,'" (2) the "disability must have been 'caused by hospital care, medical or surgical treatment, or examination furnished the veteran' by the VA or in a VA facility," and (3) the "'proximate cause' of the veteran's disability must be 'carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA],' or 'an event not reasonably foreseeable.'" *Viegas v. Shinseki*, 705 F.3d 1374, 1377 (Fed. Cir. 2013) (quoting 38 U.S.C. § 1151(a)). Here, Mr. May's shoulder injury was "aggravated as a result of a fight with VA police at the VA medical center." *May*, 2019 WL 3366794, at *1; *see* R.A. 41–42. Our precedent holds that § 1151 neither "covers every injury sustained by a veteran in a VA medical facility" nor "extend[s] to the remote consequences of the hospital care or medical treatment provided by the VA." *Viegas*, 705 F.3d at 1383. As such, the Board correctly determined that at the time of the incident Mr. May "was not undergoing hospital care, medical or surgical treatment, or examination furnished by [the] VA," but rather en route to his medical appointment, not in the course of medical treatment. R.A. 24, 41; *see Viegas*, 705 F.3d at 1383 ("If, for example, a veteran reported to a VA medical center for an examination, and hours later was injured while engaged in recreational activities at the facility, his injury might well be deemed only a remote consequence of his earlier examination.") Therefore, the Veterans Court did not rely on an incorrect understanding of § 1151. Accordingly, Mr. May is not entitled to disability benefits for his shoulder injuries, as of result of the December 2003 incident, under 38 U.S.C. § 1151.

### III. We Lack Jurisdiction to Review Mr. May's Remaining Challenges Against the Veterans Court's Decision

#### A. We Lack Jurisdiction to Review Whether Mr. May is Entitled to An Earlier Effective Date for Secondary Service-Connected Depression

The Veterans Court affirmed the Board's denial of Mr. May's request to revise the June 2016 Rating Decision on the basis that it "detect[ed] no clear error in the Board's analysis" that Mr. May's "depression claim is separate from [his] HSV-2 claim." *May*, 2019 WL 3366794, at *4. The Veterans Court concluded that the Board correctly determined that Mr. May's "service-connected depression [was] not inextricably intertwined with his service-connected HSV-2," *id.*; that the Board properly determined "that there [was] no communication from [Mr. May] received prior to November 5, 2012, that may reasonably be construed as a formal or informal claim for entitlement to service connection for depression, *id.* at *5 (quotations marks and citation omitted); and that it need not "opine on the constitutionality of [38 C.F.R.] § 20.302," *id.* Mr. May contends, however, that the Veterans Court erred by affirming the Board's determination that his 2012 submission was a new claim, Appellant's Br. 11; concluding that his statement of "complete embarrassment" did not constitute a claim for entitlement to service connection for depression, *id.* at 12. That is, Mr. May argues that he "met the minimum requirements to establish [an] HSV-2 [d]epression[] service connection effective date as of July 14, 2003." *Id.* at 24. However, we lack jurisdiction to review this claim.

We lack jurisdiction to review the Veterans Court determination that Mr. May is not entitled to an earlier effective date for secondary service-connected depression. Mr. May neither challenges any particular aspect of the Veterans Court's decision based on a rule of law or the validity of any statute or regulation, nor raises any legitimate

constitutional challenge. *See generally* Appellant's Br.[6] Instead, Mr. May challenges the Veterans Court affirmance of the Board's factual finding "that no filings contemporaneous with the HSV-2 claim could be construed as containing a claim for depression or any other psychological issue," i.e., that it was not until November 2012 that Mr. May filed a claim that could "reasonably be construed as a formal or informal claim for entitlement to service connection for

---

[6]    The Veterans Court concluded that it was "not necessary–nor would it be proper–for th[e Veterans] Court to opine on the constitutionality of § 20.302 because the Board weighed the evidence of record and held that the appellant was not entitled to an earlier effective date," and therefore, "any error is harmless" because "there is no decision with which [Mr. May] could have filed a[] [notice of disagreement]." *May*, 2019 WL 3366794, at \*5. However, Mr. May argues that any error was not harmless. *See* Appellant's Br. 18. Mr. May's argument is misplaced. To the extent Mr. May continues to challenge the constitutionality, the regulation is irrelevant to the outcome in this case and therefore we do not reach it. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008) (explaining that courts should exercise judicial restraint "from unnecessary pronouncement on constitutional issues" (internal quotation marks and citation omitted)). Moreover, to the extent Mr. May challenges a finding of harmless error on the facts of the case, we lack jurisdiction. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (concluding that an appellant's challenge as to whether an error is prejudicial involves factual matters outside our jurisdiction); *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) ("[W]e would surpass our jurisdiction if we were to apply the harmless error rule as codified in [38 U.S.C. § 7261(b)(2)] to the facts of [a] case[.]"). Therefore, we need not review the Veterans Court's determination.

depression." *May*, 2019 WL 3366794, at \*5.  Because the Veterans Court affirmed the Board's denial of Mr. May's request to revise the June 2016 Rating Decision based on an application of law to fact, i.e., that he did not make a claim related to depression until November 2012, and Mr. May does not appear to raise a non-frivolous legal challenge to the Veterans Court's legal determinations, we lack jurisdiction.  *See Bozeman v. McDonald*, 814 F.3d 1354, 1357 (Fed. Cir. 2016) (explaining that the Veterans Court's "application of law to fact" is "a question over which we lack jurisdiction" (citation omitted)).

### B. We Lack Jurisdiction to Review the Veterans Court's Decision Denying Mr. May's Various Challenges of CUE

The Veterans Court determined that Mr. May's CUE arguments addressing the Board's determination regarding the October 2004 and April 2007 Rating Decisions "amount[ed] to . . . fundamental disagreement[s] with how the Board weighed the evidence." *May*, 2019 WL 3366794, at \*7; *see, e.g.*, *id.* (concluding that Mr. May's assertions of CUE were "based on inadequate reasons or bases," pertaining to sciatic nerve paralysis, and "are misplaced"); *id.* (concluding that Mr. May's assertion of CUE pertaining to his right and left knee chondromalacia "amount[ed] to an assertion that VA failed in its duty to assist," which "cannot form the basis for finding CUE"); *id.* at \*8 (concluding that Mr. May's assertion of CUE pertaining to his TDIU amounted to a disagreement over whether the Veterans Court "should [have] look[ed] over his medical history for potential extraschedular referral," which cannot serve as the basis for CUE); *id.* at \*9 (concluding that Mr. May's "disagreements with his tinea versicolor rating amount to a disagreement with the merits determination and cannot serve as the basis for CUE").  Consequently, the Veterans Court concluded that Mr. May failed to show that the Board committed CUE pertaining to his claims for sciatic

nerve paralysis, right and left knee chondromalacia, TDIU, and tinea versicolor. *Id.* at 7–9. Mr. May contends that the Veterans Court erred by concluding that the Board did not commit CUE. Appellant's Br. 24–29. However, we lack jurisdiction to review this claim.

We lack jurisdiction to review the Veterans Court's decision to deny Mr. May's various challenges of CUE. While we may review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court, we lack jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts." 38 U.S.C. § 7292(d)(2); *see also Githens v. Shinseki*, 676 F.3d 1368, 1371 (Fed. Cir. 2012) ("[We] may not review the Veterans Court for an 'application of a legal standard to the facts of a particular case to determine whether there has been an error that is essentially factual in nature.'" (quoting *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004))). Here, it appears that Mr. May's arguments amount to a disagreement with the Veterans Court's weighing of evidence and application of law to the facts of this case. *See, e.g.,* Appellant's Br. 25 (Mr. May asserting that "between 2004 and 2007, the Secretary misapplied 38 U.S.C. §§ 7252 and 7266 to, inter alia, promulgate any decisions against the sciatica optimum-benefit claim"); *id.* (Mr. May asserting that "[t]he 2004 bilateral knees CUE claims involved the misapplication of 38 U.S.C. § 5103A(d), 38 C.F.R. §§ 4.1 and 19.9, inter alia"); *id.* at 26 (Mr. May asserting "[c]ontrary to the Veterans Court's findings, that the [Social Security Administration ('SSA')] determination 'postdates the adjudication in question,'" and that the "[Agency of Original Jurisdiction] issued [the April 2007 Decision Rating] after being informed of the SSA's decision"); *id.* at 27 (Mr. May asserting that we "may vacate [the] Veterans Court's tinea versicolor decision based upon the failure to remand the claim to [the] Board upon

misapplication of 38 C.F.R. § 19.9").[7]  Therefore, we lack jurisdiction to review the Veterans Court's decision denying Mr. May's CUE challenges pertaining to the Board's October 2004 and April 2007 Rating Decisions.  *See Guillory v. Shinseki*, 669 F.3d 1314, 1320 (Fed. Cir. 2012) (concluding that because the appellant's "arguments [were] disagreements with how the facts were weighed or how the law was applied to the facts in this particular case," we lacked jurisdiction pursuant to 38 U.S.C. § 7292(d)(2)).

---

[7]  Mr. May argued that "pursuant to 38 U.S.C. § 1155, it is unlawful for the Secretary to grant a 0 [percent] disability rating," *May*, 2019 WL 3366794, at \*8, however, the Veterans Court concluded that pursuant to *Wingard v. McDonald*, it lacked jurisdiction to address Mr. May's argument, *id.* at \*9 (citing 779 F.3d 1354, 1356 (Fed. Cir. 2015)).  On appeal, Mr. May contends that our holding in *Wingard* does not apply to him because the appellant in *Wingard* "did not have standing [to] present her 38 U.S.C. § 2303 claim based upon a challenge to the 0 percent rating because she was not the veteran burdened with the 0 [percent] rating," and thus, the Veterans Court erred.  Appellant's Br. 28.  Mr. May is mistaken.  In *Wingard*, we held that:

> Congress precluded the Veterans Court from reviewing the schedule of ratings for disabilities adopted under [§] 1155 or any action of the Secretary in adopting or revising that schedule.  That provision squarely precludes the Veterans Court from determining whether the schedule, by including a 0 [percent] rating, substantively violates statutory constraints.

779 F.3d at 1356 (internal alterations, quotation marks, and citation omitted).  Accordingly, we lack jurisdiction to consider the challenge to the rating schedule.

CONCLUSION

We have considered Mr. May's remaining arguments and find them unpersuasive. For the above reasons, we affirm the Judgment of the U.S. Court of Appeals for Veterans Claims and dismiss those parts of Mr. May's appeal over which we lack jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.