# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-2636

MARTIN D. SPIGNER III, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 12, 2023                     Decided November 7, 2024)

*Glenn R. Bergmann*, with whom *Justin S. Pollard* and *Michal Leah Kanovsky*, all of Rockville, Maryland, were on the brief for the appellant.

*Brian S. Carey*, with whom *Richard J. Hipolit*, Deputy General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Carolyn F. Washington*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, GREENBERG, and JAQUITH, *Judges*.

GREENBERG, *Judge*: U.S. Marine Corps veteran Martin D. Spigner III appeals through counsel a March 9, 2022, Board of Veterans' Appeals (Board) decision that denied service connection for (1) squamous cell carcinoma of the tonsil (claimed as head and neck cancer) and (2) bilateral hearing loss. Record (R.) at 5-12. In developing these claims, the Board rescheduled a scheduled August 18, 2021, hearing to October 5, 2021, on its own accord, that is, without the appellant having requested rescheduling. The Board subsequently acknowledged receiving evidence submitted by the appellant on September 29, 2021, but the Board refused to consider this evidence, even though the evidence was submitted within 90 days of the originally scheduled August 18, 2021, hearing. Under the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), Pub. L. 115-55, 131 Stat. 1105, the Board is required to consider, in the first instance, evidence submitted by a claimant or his or her representative at a Board hearing and within 90 days following a Board hearing. 38 U.S.C. § 7113(b)(2)(A)(B); 38 C.F.R. § 20.302 (2023).

This appeal was referred to a panel to address the interplay between 38 U.S.C. § 7113(b), 38 C.F.R. § 20.302, and 38 C.F.R. § 20.704(d); and to determine whether the Board in the March 2022 decision on appeal erred by refusing to consider the appellant's September 29, 2021,

evidentiary submission.   The Court holds that because the Board *sua sponte* rescheduled the August 2021 hearing, that is,  the Board rescheduled the hearing without a request from the appellant, and because the Board's rescheduling is not consistent with withdrawal referred to in 38 C.F.R. § 20.704(d), the rescheduling here was not "subject to" § 20.704(d). Therefore, § 20.302(c) controls as to the evidentiary record before the Board; and because § 20.302(c) provides that where a hearing "is not rescheduled subject to § 20.704(d)," the Board decision should have been based on evidence submitted by the appellant or his or her representative within 90 days following the date of the scheduled hearing.  The Court concludes that in the Board's March 2022 decision, the Board erred by refusing to  consider the appellant's September 2021 evidentiary submission. Accordingly, the Court will set aside that Board decision and remand the matters for proceedings consistent with this decision.

## I.

The appellant served on active duty in the U.S. Marine Corps from August 1974 to August 1978, as a field artillery battery man. R. at 2706 (DD Form 214).

In September 2005, the appellant filed for service connection for head and neck cancer, R. at 2643-54, but VA denied these claims in a December 2005 rating decision.  R. at 2464-67. The appellant did not appeal this decision and it became final.

In September 2014, the appellant filed for service-connected benefits for hearing loss and "throat cancer due to exposure to black water [at] Camp Lejeune, NC." R. at 2454-55.  In December 2015, the regional office (RO) denied service connection for hearing loss and continued to deny service connection for head and neck cancer resulting in radiation and chemotherapy (claimed as throat cancer due to contaminated water exposure at Camp Lejeune). R. at 2353-57.  The appellant appealed, R. at 2144-45, and opted in to the Rapid Appeals Modernization Program (RAMP), selecting the higher-level review lane. R. at 1604.   In July 2018, the RO issued a higher-level review decision and continued to deny the appellant's hearing loss and throat cancer claims. R. at 1492-95. The appellant appealed the July 2018 higher level review decision to the Board, selecting the hearing with evidence-submission lane. R. at 1437-38.

In March 2021, VA notified the appellant that his Board hearing was scheduled for May 25, 2021, R. at 838-40, but the May 2021 hearing was postponed because of a scheduling conflict, and VA later confirmed that it was unclear which party, the appellant or the Secretary, had the

2

conflict. *See* Secretary's Dec. 27, 2023, Response to Court's December 12, 2023, Order Attachment (Declaration of Christopher A. Santoro) at 1; *id.* Exhibit (Ex.) A (Caseflow report: Martin Spigner's Hearing Details (for May 25, 2021, hearing)) at 1-2.

In June 2021, VA notified the veteran of a new Board hearing date, August 18, 2021. R. at 835-37. The June 2021 notice stated that the appellant could submit additional evidence in support of his claims, clarifying that

> [i]f your appeal is an . . . AMA . . . appeal, you may only submit evidence at the hearing or within a 90-day window following the scheduled hearing date. If you withdraw your hearing, you may submit evidence within 90 days following receipt of the withdrawal. If you miss your hearing and do not request to reschedule, you may still submit additional evidence up to 90 days after the date your hearing was scheduled.

R. at 836. But on August 18, 2021, the scheduled hearing date, VA notified the appellant that the Board hearing was rescheduled to October 5, 2021. R. at 832-34. The August 2021 rescheduling notice repeated the language of the June 2021 notice regarding deadlines for submitting additional evidence, again focusing on situations where a veteran withdraws a hearing request or misses a hearing and does not request a rescheduled hearing. R. at 834. VA later clarified that the hearing scheduled for August 18, 2021, was postponed because the appellant did not receive the scheduling notice from a VA mailing contractor. *See* Secretary's Dec. 27, 2023, Response to Court's December 12, 2023, Order Attachment (Declaration of Christopher A. Santoro); *id.* Ex. B (Caseflow report: Martin Spigner's Hearing Details (for Aug. 18, 2021, hearing)) at 1-2.

On September 29, 2021, the appellant submitted additional evidence to VA in support of his cancer and hearing loss claims. R. at 40-831. The next day, September 30, 2021, VA acknowledged that it had received the additional evidence, stating: "We have added these documents to your electronic file and they will now be available for future interactions with VA." R. at 35-39. On October 1, 2021, an American Legion service officer reported that she had spoken with the appellant on September 28, 2021, and that the appellant stated that (1) he did not receive notice of the August 2021 Board hearing and was unaware that the hearing had been rescheduled, and (2) he had "'new and relevant' materials to add to his records for consideration as evidence in support of his claim." R. at 34.

On October 5, 2021, the appellant was afforded a Board hearing. R. at 17-33. During the hearing, the Board member noted that medical evidence had been submitted after the appellant

3

opted in to RAMP in August 2018 and "a bunch" of prior treatment records had been submitted to the Board in the week before the October 5, 2021, hearing. R. at 22-23. The Board member stated that this evidence could not be considered part of the appellant's appeal and the appellant needed to resubmit the evidence in the next 90 days if the Board was to consider it when deciding the appellant's claims. R. at 22-23, 32.

In March 2022, the Board issued the decision here on appeal, denying service connection for squamous cell carcinoma of the tonsil (claimed as head and neck cancer) and bilateral hearing loss. R. at 5-12. The Board noted that the appellant opted in to RAMP on April 21, 2018, selected the Board hearing lane, and was afforded a Board hearing on October 5, 2021. R. at 6. The Board concluded that that it would consider only evidence that was submitted up to the April 12, 2018, RAMP election and that submitted within 90 days after the October 5, 2021, Board hearing. *Id.* The Board determined that the appellant had submitted additional evidence during a period that fell outside those parameters and was advised "to resubmit the evidence [with]in the 90 days that followed the hearing so that the Board could review it in conjunction with his appeal." *Id.* The Board concluded that it lacked legal authority to review the evidence as part of this appeal because neither the appellant, nor his representative, resubmitted the evidence following the hearing. *Id.* This appeal followed.

## II.

The appellant raises arguments concerning fair process and distinguishing between procedures for in-person and virtual Board hearings. Appellant's Brief at 11-26. However, the Court need not reach these arguments to resolve this appeal because the appellant also argues that under regulations relating to rescheduling Board hearings, the Board should have considered the evidence submitted on September 29, 2021, within 90 days of the August 18, 2021, scheduled Board hearing that did not occur. *Id.* at 25. The Court will focus its analysis on this argument.

The Secretary contends that 38 U.S.C. § 7113(b) and 38 C.F.R. § 20.302(a) create a bright line rule governing how and when an appellant may submit evidence to the Board in the context of a Board hearing in an AMA appeal with no exceptions. Appellee's Brief at 16-27. He argues that the AMA provides that an appellant is permitted to submit additional evidence only at the Board hearing or within 90 days following the Board hearing. *See id.* at 17-18; Oral Argument (OA) at 32:05-32:30, 53:25-55:10, *Spigner v. McDonough*, U.S. Vet. App. No 22-2636 (oral

4

argument held Dec. 12, 2023), http://www.uscourts.cavc.gov/oral_arguments_audio.php (citing 38 U.S.C. § 7113(b); 38 C.F.R. § 20.302(a) (2023). The Secretary argues that the Board correctly applied both 38 U.S.C. § 7113(b) and 38 C.F.R. § 20.302(a) when it concluded that it lacked legal authority to accept or consider the appellant's September 2021 evidentiary submission because it was not submitted at the Board hearing itself or resubmitted within the 90 days following the October 5, 2021, Board hearing. *See* Appellee's Brief at 16-18.

### III.

Every claimant appealing a decision on a claim for VA benefits has the right to a hearing. *Cook v. Snyder*, 28 Vet.App. 330, 336, *aff'd sub nom. Cook v. Wilkie*, 908 F.3d 813 (Fed. Cir. 2018) ("A claimant's right to a personal hearing before the Board has long been guaranteed by VA."); 38 C.F.R. § 20.700(b) (2023); *see* 38 U.S.C. §§ 7105(b)(3), 7107(c). The purpose of a Board hearing is to receive argument, testimony, and evidence that supports the appellant's claim. 38 C.F.R. § 20.700(b).

In an AMA appeal where the appellant requests a Board hearing, the evidentiary record before the Board is limited to the evidence of record at the time of the agency of original jurisdiction (AOJ) decision, as well as evidence the appellant or the appellant's representative submits at the Board hearing or within 90 days following the Board hearing. 38 U.S.C. § 7113(b)(2); 38 C.F.R. § 20.302(a). However, VA has also allowed via regulation some variance within the statutory scheme, determining that "[i]n the event that the appellant does not appear for a scheduled hearing and the hearing is not rescheduled subject to § 20.704(d), the Board's decision will be based on a review of evidence" of record at the time of the AOJ decision, and the "evidence submitted by the appellant or his or her representative within 90 days following the date of the scheduled hearing." 38 C.F.R. § 20.302(c).

### IV.

"The starting point in interpreting a statute [or regulation] is its language." *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, (1993); *see Smith v. Brown*, 35 F.3d 1516, 1523 (Fed. Cir. 1994) ("The canons of construction of course apply equally to any legal text and not merely to statutes."). If the plain language of "the law gives an answer—if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading." *Kisor*

*v. Wilkie*, 139 S. Ct. 2400, 2415 (2019); *see also Gardner v. Derwinski*, 1 Vet.App. 584, 587-88 (1991), *aff'd sub nom. Brown v. Gardner*, 513 U.S. 115 (1994) ("Where a statute's language is plain, and its meaning clear, no room exists for construction. There is nothing to construe."). Stated another way, "[i]f uncertainty [as to the regulation's meaning] does not exist," "[t]he regulation then just means what it means—and the court must give it effect, as the court would any law." *Kisor*, 139 S. Ct. at 2415. In the absence of an express definition, words are given their ordinary meaning," *Prokarym v. McDonald*, 27 Vet.App. 307, 310 (2015) (citing *Terry v. Principi*, 340 F.3d 1378, 1382-83 (Fed. Cir. 2003)), yet statutes and regulations "must be considered as a whole and in the context of the surrounding statutory [and regulatory] scheme." *Gazelle v. McDonald*, 27 Vet.App. 461, 463, (2016) (citing *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991)).

As the Court said above, when an appellant does not appear for a scheduled Board hearing, § 20.302(c) requires the Board to consider evidence submitted within 90 days of the scheduled Board hearing date, unless the hearing has been rescheduled subject to § 20.704(d). 38 C.F.R. § 20.302(c). The plain language of § 20.302(c) makes clear that the ability of an appellant to submit evidence within 90 days of a scheduled Board hearing is restricted only where § 20.704(d) is in play and applies. Section 20.704(d) is titled "Failure to appear for a scheduled hearing" and provides that if an appellant fails to appear for a scheduled Board hearing, the appellant may move for a new Board hearing upon a showing of good cause; otherwise, the appeal will be decided as if the hearing request had been withdrawn. 38 C.F.R. § 20.704(d) (2023).

Here, the Court must conclude that the hearing in Mr. Spigner's case was not rescheduled subject to § 20.704(d). First, § 20.704(d) clearly applies only where the appellant moves for a new hearing. In the appellant's case, recall that the Board unilaterally rescheduled the appellant's August 2021 hearing; that is, the Board acted *sua sponte,* apparently because the veteran did not receive the June 2021 scheduling notice. *See* Secretary's Dec. 27, 2023, Response to Court's December 12, 2023, Order Attachment (Declaration of Christopher A. Santoro); *id.*Ex. B (Caseflow report: Martin Spigner's Hearing Details (for Aug. 18, 2021, hearing)) at 1-2. Second, when the Board promptly reschedules a hearing on the same day that the hearing was to have occurred, as the Board did in this case, the hearing request obviously is not susceptible to being treated as withdrawn, rendering inapplicable that part of § 20.704(d). Because the hearing in Mr. Spigner's case was not rescheduled subject to § 20.704(d), and that section clearly on its face does not apply to his situation, the Court need not analyze its meaning any further.

6

The Court now returns to the language of § 20.302(c), which provides that where an appellant does not appear for a scheduled hearing, "and the hearing is not rescheduled subject to § 20.704(d)," the Board decision will be based on a review of the evidence of record at the time of the AOJ's decision and "evidence submitted by the appellant . . . within 90 days following the date of the scheduled hearing." 38 C.F.R. § 20.302(c). The Court, having established that the hearing was not rescheduled subject to § 20.704(d), concludes that § 20.302(c) directs that the Board, in its decision in this case, was to base its review on the evidence of record at the time of the AOJ decision and evidence submitted by the appellant within 90 days following the date of the scheduled hearing. 38 C.F.R. § 20.302(a), (c).

The Secretary admits that the appellant was notified via letter that "[*i*]*f you miss your hearing and do not request to reschedule*, you may still submit additional evidence up to 90 days after the date your hearing was scheduled." R. at 836 (emphasis added). However, the Secretary does not attempt to explain why this would not apply to the appellant here. Mr. Spigner missed the scheduled August 2021 Board hearing, through no fault of his own, and did not request to reschedule, consistent with the language in VA's letter.

In conclusion, the Court holds that rescheduling the August 18, 2021, Board hearing was not subject to § 20.704(d). Because the Board rescheduled the August 18, 2021, hearing without the appellant having requested rescheduling, and the Board's prompt rescheduling is inconsistent with considering the hearing request withdrawn, § 20.704(d) does not apply to this matter. Therefore, the Board erred in failing to consider the appellant's September 29, 2021, evidentiary submission in rendering the March 2022 decision. *See* 38 U.S.C. § 7113(b)(2); 38 C.F.R. § 20.302(a), (c). Remand is required for the Board to readjudicate this matter, taking into account the evidence the appellant submitted on September 29, 2021. *See* 38 U.S.C. § 7104(d)(1).

**V.**

For the foregoing reasons, the March 9, 2022, Board decision on appeal is SET ASIDE, and the matter is REMANDED for readjudication consistent with this decision.

7